[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10963
Non-Argument Calendar
_____

Agency No. A099-575-926

FREDRICH OLUSEGUN OSHUNRINDE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 4, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Fredrich Olusegun Oshunrinde, through counsel, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order of removal sustaining the charges of removability pursuant to 8 U.S.C. § 1227(a)(1)(C)(i) and (a)(2)(A)(i), and denying his adjustment of status application, 8 U.S.C. § 1255, his waiver of inadmissability application, 8 U.S.C. § 1182(h), his request for voluntary departure, 8 U.S.C. § 1229c, and his motion for a continuance, 8 C.F.R. § 1003.29.[1]  In his petition, Oshunrinde asserts he exhausted his administrative remedies with respect to these requests.  Further, Oshunrinde argues his Florida conviction for battery on a law enforcement officer was not a crime involving moral turpitude per 8 U.S.C. § 1227(a)(2)(A)(i).

## I.

We review our subject matter jurisdiction *de novo*.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  This exhaustion

---

[1] We previously granted in part the Government's motion to dismiss for lack of jurisdiction to the extent Oshunrinde challenged his removability pursuant to 8 U.S.C. § 1227(a)(1)(C)(i).

2

requirement divests our Court of jurisdiction to review a claim that was not presented to the BIA, even when the BIA addressed the underlying issue *sua sponte*. *See Amaya-Artunduaga*, 463 F.3d at 1250-51.

Oshunrinde failed to exhaust his administrative remedies with respect to the IJ's denials of his adjustment of status application, his waiver of inadmissibility application, his request for voluntary departure, and his motion for a continuance. Oshunrinde's counseled brief to the BIA focused solely on whether his Florida conviction for battery on a law enforcement officer was a crime involving moral turpitude and stated there were no other issues properly before the BIA. Accordingly, we lack jurisdiction to entertain these claims for relief and thereby grant the Government's motion to dismiss the petition with respect to these claims.

## II.

Oshunrinde contends his conviction for battery on a law enforcement officer was not a crime involving moral turpitude per 8 U.S.C. § 1227(a)(2)(A)(i). Oshunrinde notes that under 8 U.S.C. § 1182(a)(2)(A)(i), aliens convicted of crimes involving moral turpitude are inadmissible.

The IJ determined Oshunrinde's Florida conviction for battery on a law enforcement officer was a crime involving moral turpitude under 8 U.S.C.

3

§ 1227(a)(2)(A)(i).  Although Oshunrinde disputed the IJ's decision with respect to this issue in his brief to the BIA, the BIA did not address whether Oshunrinde's Florida conviction was a crime involving moral turpitude, nor did it summarily affirm the IJ's decision.  The BIA only determined Oshunrinde was removable under 8 U.S.C. § 1227(a)(1)(C)(i) for having failed to maintain his nonimmigrant status.

When the BIA has not made findings of fact or has not applied the law to those facts, the Supreme Court has instructed that "appellate courts should remand to allow the [BIA] to make such determinations in the first instance." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1236 (11th Cir. 2007) (citation omitted).  This allows the agency to "bring its expertise to bear upon the matter," to "evaluate the evidence," and to "make an initial determination," which, "through informed discussion and analysis, [can] help a court later determine whether its decision exceeds the leeway that the law provides." *INS v. Ventura*, 123 S. Ct. 353, 355–56 (2002).

Here, the BIA must apply its expertise to clarify whether its failure to decide whether Oshunrinde was removable for having committed a crime involving moral turpitude will have any material, practical, or legal impact on his future ability to reenter the United States.  Because the BIA did not decide whether Oshunrinde's

4

Florida conviction for battery on a law enforcement officer was a crime involving moral turpitude, we remand the case so that the BIA can address that issue, if indeed there is a sound reason to reach the issue on remand.

**PETITION GRANTED IN PART, DISMISSED IN PART; GOVERNMENT'S MOTION TO DISMISS GRANTED IN PART.**